1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CESAR FLORES,                              No.  2:20-cv-01973-CKD P

12                  Plaintiff,

13        v.                                    ORDER

14   CORCARN, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

## I.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Allegations in the Complaint

Before the court could screen plaintiff's complaint filed on September 25, 2020, plaintiff filed a first amended complaint.  See ECF No. 10.  Because an amended complaint supersedes the

2

1  original pleading, the court will proceed to screen the first amended complaint.  See Loux v.

2  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

3       At all times relevant to the allegations in the first amended complaint, plaintiff was an

4  inmate at Deuel Vocational Institution ("DVI").  On an unspecified date, plaintiff was housed on

5  the third tier even though he required a cane.  Plaintiff alleges that "[c]ustody staff…

6  discriminated [against] his medical needs to be housed on the lower tier and acted with

7  professional and gross negligence…."  ECF No. 10 at 4.  He further asserts that he was injured

8  based on his housing assignment because he ran into another inmate who was running up to the

9  third tier.  ECF No. 10 at 4.  Plaintiff fell backwards from this impact.  Id.  By way of relief,

10  plaintiff seeks monetary compensation.  ECF No. 10 at 6.

11       **III.    Legal Standards**

12       **A.  Linkage Requirement**

13       The civil rights statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

17  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

18  in another's affirmative acts or omits to perform an act which he is legally required to do that

19  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

20  Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

21  link each named defendant with some affirmative act or omission that demonstrates a violation of

22  plaintiff's federal rights.

23       **B.  Supervisory Liability**

24       Government officials may not be held liable for the unconstitutional conduct of their

25  subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

26  ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability,

27  each Government official, his or her title notwithstanding is only liable for his or her own

28  misconduct.").  When the named defendant holds a supervisory position, the causal link between

3

1   the defendant and the claimed constitutional violation must be specifically alleged; that is, a

2   plaintiff must allege some facts indicating that the defendant either personally participated in or

3   directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

4   to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

5   1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

6          **C.  Deliberate Indifference to a Serious Medical Need**

7          Denial or delay of medical care for a prisoner's serious medical needs may constitute a

8   violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

9   97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

10  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

11  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

12  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

13         In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

14  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

15  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

16  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

17  condition could result in further significant injury or the 'unnecessary and wanton infliction of

18  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

19  existence of an injury that a reasonable doctor or patient would find important and worthy of

20  comment or treatment; the presence of a medical condition that significantly affects an

21  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

22  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

23         Second, the plaintiff must show the defendant's response to the need was deliberately

24  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

25  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

26  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

27  which the inference could be drawn that a substantial risk of serious harm exists," but that person

28  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

4

approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839.  A

showing of merely negligent medical care is not enough to establish a constitutional violation.

Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

difference of opinion about the proper course of treatment is not deliberate indifference, nor does

a dispute between a prisoner and prison officials over the necessity for or extent of medical

treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

(9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

medical treatment, "without more, is insufficient to state a claim of deliberate medical

indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

prisoner must show that the delay caused "significant harm and that Defendants should have

known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### D.  Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the

basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the

ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524

U.S. 206, 208 (1998).  "To establish a violation of Title II of the ADA, a plaintiff must show that

(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or

otherwise discriminated against with regard to a public entity's services, programs, or activities;

and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at

1052.  "To recover monetary damages under Title II of the ADA, a plaintiff must prove

intentional discrimination on the part of the defendant," and the standard for intentional

discrimination is deliberate indifference.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th

Cir. 2001).

### IV.  Analysis

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a

claim upon which relief can be granted under federal law.  Although plaintiff names three

defendants, he does not connect these individuals to any of the alleged constitutional violations in

the amended complaint.  Absent this linkage, plaintiff has failed to state a claim for relief under section 1983.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Therefore, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your first amended complaint and determined that they do not state any claim against the defendants.  Your first amended complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file a second amended complaint within 30 days from the date of this order.  If you choose to file a second amended complaint, pay

particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 11) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's first amended complaint is dismissed with leave to amend granted.

4. Plaintiff may file a second amended complaint within thirty days from the date of service of this order.  Any second amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  It should include the docket number assigned to this case and must be labeled "Second Amended Complaint."

5. Should plaintiff choose not to file a second amended complaint, the undersigned will recommend that this action be dismissed.

Dated:  March 12, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/flor1973.14.docx

7